UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

TAMMI L. BASTIAN,

          Debtor.

_____

TAMMY L. BASTIAN,

          Plaintiff,

v.

FAST EFNDS LLC, E-FINANCE CALL CENTER
SUPPORT, INC., RARE MOON MEDIA, LLC,
TOTAL RECOVERY SOLUTIONS, LLC, JEREMY
SHAFFER and JOSH MITCHEM,

          Defendants.

Case No. 13-21240

Chapter 7

Adversary No. 13-2198

_____

MEMORANDUM DECISION ON DEFENDANTS E-FINANCE CALL CENTER
SUPPORT, INC., AND JOSHUA MITCHEM'S MOTIONS TO DISMISS OR,
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

_____

Defendants E-Finance Call Center Support, Inc., and Joshua Mitchem have moved to dismiss plaintiff Tammy Bastian's second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and E-Finance has also moved, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. In the complaint, the debtor alleges a cause of action for violation of the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362. The debtor opposed the motions and the parties filed briefs supporting their respective positions. This Court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2). This decision constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052.

BACKGROUND

The debtor, Tammi Bastian, filed a chapter 7 voluntary petition on February 3, 2013, and received a discharge on July 2, 2013. Creditors receiving notice of her filing included Fast E Funds[1] and Integrity-IPL, both of Overland Park, Kansas. On March 3, 2013, she commenced an adversary proceeding against Integrity Pay Day Loans d/b/a Fast-E-Funds, seeking damages for violation of the automatic stay due to three postpetition unauthorized withdrawals from her checking account. The first withdrawal of $120.00 took place on February 8, 2013. The debtor's attorney immediately contacted several allegedly uncooperative customer service representatives, supervisors, and other personnel at phone numbers both listed on the lender's electronic correspondence with the debtor and provided by the service representatives, as well as by email, informing them of the pending bankruptcy case. On February 22, 2013, and March 8, 2013, additional withdrawals of $120.00 and $140.00, respectively, were made from the debtor's checking account.

On April 9, 2013, the debtor amended the complaint to add E-Finance, PDL Support LLC, and Josh Mitchem as defendants. The debtor added the additional defendants because E-Finance was believed to be a servicer of Integrity Pay Day Loans, PDL Support LLC was believed to be the owner of Integrity Pay Day Loans, and Josh Mitchem was believed to be the owner of PDL Support LLC. An amended summons and second amended summons were issued. The debtor and E-Finance, which identified itself as E-Finance Call Center, agreed to an extension of time for an answer to the amended complaint, which was filed on June 5, 2013. Because service of the amended complaint was ineffectual against all of the defendants other

---

[1] This entity is variously referred to as "Fast E Funds," "Fast-E-Funds," "Fast EFNDS, LLC."

than E-Finance, a third amended summons was issued and executed on PDL Support LLC, Fast E Funds, and Integrity Payday Loans. Due to further problems with service, a fourth amended summons was subsequently issued and served on Josh Mitchem and Total Recovery Solutions, LLC, on August 20, 2013. At a pretrial hearing on September 5, 2013, Josh Mitchem acknowledged service of the amended summons and amended complaint, and he later filed an answer to the amended complaint on September 10, 2013. Additional time was allowed for the debtor to properly serve the remaining defendants, and a fifth amended complaint was issued on September 13, 2013.

The debtor filed a second amended complaint on September 18, 2013, naming Fast EFNDS LLC, E-Finance Call Center Support, Inc., Rare Moon Media, LLC, Total Recovery Solutions, LLC, Jeremy Shaffer, and Josh Mitchem as defendants. This time Fast EFNDS LLC was named as a limited liability company owned and managed by Josh Mitchem and Jeremy Shaffer, and organized in the West Indes. E-Finance Call Center Support, Inc., was named as a company owned and managed by Josh Mitchem and Jeremy Shaffer, and organized in Missouri. Rare Moon Media, LLC, was named as a limited liability company owned and managed by Josh Mitchem and Jeremy Shaffer, and organized in Kansas. Total Recovery Solutions, LLC, was named as a limited liability company owned and managed by Josh Mitchem and Jeremy Shaffer, and organized in Missouri. The debtor alleged that either E-Finance Call Center Support or Total Recovery Solutions received notice of the debtor's bankruptcy petition on behalf of Fast EFNDS. The debtor alleged she incurred the obligation from Fast EFNDS through a website maintained by Rare Moon and owned by Rare Moon, E-Finance, Total Recovery Solutions, or some other entity owned and controlled by Josh Mitchem and/or Jeremy Schaffer. The debtor further

3

asserted that the initial deposit of the $380.00 loan proceeds was made by E-Finance, Total Recovery Solutions, or some other entity owned and controlled by Josh Mitchem and/or Jeremy Schaffer. The three subsequent postpetition withdrawals were allegedly made by Total Recovery Solutions, E-Finance, or some other business entity owned and controlled by Josh Mitchem and/or Jeremy Schaffer. Apparently,[2] Fast E Funds eventually refunded the debtor for the three withdrawals.

Because this Court had not yet granted leave to the plaintiff to file the second amended complaint, a summons was never issued for that complaint. Nevertheless, E-Finance and Josh Mitchem both acknowledged service of the original summons and complaint and filed answers to the second amended complaint. On November 22, 2013, the debtor voluntarily dismissed defendants Fast EFUNDS, LLC, Integrity Pay Day Loans, and PDL Support LLC. Josh Mitchem and E-Finance Call Center Support filed motions to dismiss, and E-Finance filed an alternative motion for summary judgment.

## ARGUMENTS

The defendant Josh Mitchem argues he should be dismissed from the action because the Court lacks personal jurisdiction over him, and the debtor failed to state a claim upon which relief can be granted. Regarding the jurisdiction issue, Mitchem falls outside the reach of Wisconsin's long-arm statute, Wis. Stat. § 801.05, et seq., and the requisite minimum contacts between Mitchem and Wisconsin do not exist. Additionally, the assertion of personal jurisdiction over Mitchem would be inconsistent with traditional notions of fair play and substantial justice. Even under federal question cases, personal jurisdiction flows from the Due

---

[2]*See* Affidavit of Joshua Mitchem, ¶ 12, November 20, 2013, Exhibit A to Mitchem's Memorandum of Law in Support of Motion to Dismiss. The date of the refund was not provided.

Process Clause of the Fifth Amendment, and Mitchem's burden of defending in Wisconsin may be considered. *See Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000). Alternatively, the debtor has not alleged any facts to show that Mitchem was involved in the alleged claims, namely, the complaint does not allege that he withdrew or directed the withdrawal of money from the debtor's account. While the employer may be liable for the actions of its employees, under the principles of vicarious liability, the individual owner or officer is not, and Mitchem exercised no control over Fast E Funds. Furthermore, Mitchem never received notice of the bankruptcy petition. The debtor can still obtain effective and full relief from the actual withdrawing entity, if any, without Mitchem's presence in this suit.

The defendant E-Finance Call Center Support argues the complaint should be dismissed against it because the debtor failed to state a claim upon which relief can be granted. E-Finance, a customer support call center, was not involved in the alleged claims because it did not withdraw money from the debtor's account, and the debtor has not alleged sufficient facts to survived the *Twombly/Iqbal* standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations are not enough to raise a right to relief from E-Finance above the speculative level. The complaint does not affirmatively allege that a particular entity – other than Fast E Funds, now dismissed as a defendant – withdrew money from the debtor's account. Furthermore, E-Finance never received notice of the bankruptcy case, negating any inference of a willful violation of the automatic stay. In the alternative, E-Finance argues the Court should grant summary judgment in its favor because there are no genuine issues of material fact and the record makes it clear that E-Finance did not withdraw funds from the debtor's account. E-Finance is a completely separate entity from Fast E

5

Funds – the entity that made the withdrawals from the debtor's account – and, as such, bears no responsibility for the acts or omissions of the latter.

The debtor opposes the motions to dismiss and alternative motion for summary judgment, arguing defendant Mitchem is mistaken that this Court's jurisdiction over this adversary proceeding derives from the jurisdiction of federal courts over state law conflicts between citizens of different states. Because the federal district court is the venue of original jurisdiction for deciding matters under Title 11 of the United States Code, 28 U.S.C. § 1334(b), Mitchem's argument regarding lack of personal jurisdiction should be rejected. Mitchem's assertion that the complaint fails to state a claim should also be rejected because his liability for violation of the automatic stay derives from the liability of defendant E-Finance. Defendant E-Finance challenges the complaint only on the factual allegations, by presenting an affidavit of Joshua Mitchem in his capacity as CEO, in support of its own factual allegation that it did not withdraw money from the debtor's checking account. The allegations in the complaint are supported by enough facts to raise a reasonable expectation that discovery will reveal evidence of the sanctionable conduct. *See Twombly*, 550 U.S. at 556. The debtor also opposes E-Finance's alternative motion for summary judgment as untimely since she has been stayed from obtaining discovery from the defendants while the motions to dismiss are pending. *See Select Creations, Inc. v. Paliafito America, Inc.*, 828 F. Supp. 1301, 1355 n. 40 (E.D. Wis. 1992). The debtor contends she cannot present facts essential to justify her opposition to summary judgment until she can obtain discovery from the defendants.

## DISCUSSION

Bankruptcy Rule 7015 makes Rule 15 of the Federal Rules of Civil Procedure applicable

Case 13-02198-mdm    Doc 47    Filed 02/18/14    Page 6 of 12

in adversary proceedings. A party may amend a complaint as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Once a responsive pleading is served – such as happened in this case – an amendment must be with leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Leave to amend is to be freely given by the court when justice so requires. *Id*. Because the debtor never filed a motion for leave of court to amend the complaint, the Court never issued a summons for the second amended complaint. Nevertheless, E-Finance and Josh Mitchem filed answers to that complaint, and their motions related to the second amended complaint. Both defendants received the original summons and complaint and proceeded as if this procedural irregularity is of no prejudicial substance, and this Court agrees. The procedural deficiency is waived by those two defendants, and the second amended complaint is allowed.

*Defendants' Motions to Dismiss*.

Defendant Joshua Mitchem argues this Court lacks personal jurisdiction over him. The personal jurisdiction of the bankruptcy court is very broad and courts have uniformly held that there is not need for "minimum contacts" with a particular district for a bankruptcy court to have in personam jurisdiction over parties in bankruptcy matters. *See Celotex Corp.*, 124 F.3d 619, 630 (4th Cir. 1997) (whether court could constitutionally exercise "personal jurisdiction over" defendant and whether defendant "had minimum contacts with [forum] is irrelevant. . . . [W]hen an action is in federal court on 'related to' jurisdiction, the sovereign exercising authority is the United States, not the individual state where the federal court is sitting. Rather, we need only ask whether [defendant] has minimum contacts with the United States such that subjecting it to personal jurisdiction does not offend the Due Process Clause of the Fifth Amendment to the

United States Constitution."). Mitchem undeniably does maintain minimum contacts with the United States. Service of the summons and complaint is the procedure by which a bankruptcy court asserts jurisdiction over the party served. Fed. R. Bankr. P. 7004(f). An action seeking damages for violation of the automatic stay is a core proceeding under 28 U.S.C. § 157(b) because it derives directly from the Bankruptcy Code and can be brought only in the context of a bankruptcy case. *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009). Therefore, this Court has personal jurisdiction over defendant Joshua Mitchem.

Defendants E-Finance and Joshua Mitchem also argue the action against them should be dismissed because the complaint fails to state a claim upon which relief can be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires every pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Bankr. P. 7008. Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). The motion to dismiss will be denied if the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Where the defendant contends that the complaint should be dismissed because the plaintiff has not stated a claim for relief, the court accepts every factual allegation in the plaintiff's complaint, and dismissal of the complaint

8

is proper only if there is no legal theory upon which the plaintiff could recover. *See Village of Rosemont v. Jaffe*, 482 F.3d 926, 936 (7th Cir. 2007). "The court will ask itself *could* these things have happened, not *did* they happen." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (emphasis in original).

The filing of a petition operates as a stay, applicable to all entities, of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). An individual injured by a willful violation of the stay is entitled to "recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). A violation of the stay is "willful" even if the actor believes himself justified. *In re Herbst*, 469 B.R. 299, 305 (Bankr. W.D. Wis. 2012). A willful violation does not require specific intent to violate the stay; it is sufficient that the creditor takes questionable action despite the awareness of a pending bankruptcy proceeding. *Id*.

The Court's inquiry at this point merely is whether the complaint states claims sufficiently to put the defendants on notice as to the claims against it, and whether the complaint states a claim for relief, taking all of the facts plead by the debtor as true. The debtor alleges that Mitchem and E-Finance violated the stay when they, or an entity under their control, withdrew funds from the debtor's bank account postpetition. That neither is the named creditor is not determinative at this stage of the proceedings, particularly since discovery has been stayed against the two remaining defendants. E-Finances's own brief states that "[i]t provides customer service and administrative support service for Fast EFNDS, LLC," which means it was acting on the creditor's behalf, which could include directing action in the creditor's name, when the

collection activities occurred.  "Administrative support service" might plausibly include setting up or cancelling payments on the creditor's behalf.  An entity or individual cannot commit wrongful acts (subject to proof at trial, of course), and then avoid the consequences because they were committed for someone else.  Legal mechanisms exist to reach corporate principals who attempt to hide illegal conduct behind the shield of limited liability.  *See generally* 18 Am. Jur. 2d Corporations §§ 46-58.  Thus, the complaint has stated a claim against E-Finance.

The complaint alleges that the individual defendant manages all of the entities involved in these transaction. (Second Amended Complaint ¶¶ 4-5, 24-25).  He signed an affidavit as CEO.  Whether he actively manages or sets up procedures described in the complaint to misinform inquiring customer's attorneys or to avoid bankruptcy rules is a matter for trial, but the complaint puts him on notice that the debtor wishes to hold him accountable for particular acts of entities under his control.  The complaint states a claim against Joshua Mitchem.

Furthermore, the complaint alleges that E-Finance was contacted by the debtor's attorney on February 8, 2013, about the improper withdrawal.  The attorney was then allegedly given false information about how the matter should be addressed, leading him on a fruitless – and expensive for the debtor – search for redress.  (Second Amended Complaint ¶¶ 27-37).  Two more withdrawals occurred after that date, which, if proved, might put the withdrawals under the category of "willful," subjecting either or both of them to sanctions under 11 U.S.C. § 362(k). (Second Amended Complaint ¶¶ 36, 37).

The Court finds the complaint recites sufficient facts to put the defendants on notice of the claims against them, and the debtor states a claim for relief that is "plausible on its face," thus meeting the *Twombly* criteria.  Whether the allegations are legally sufficient for the plaintiff to

Case 13-02198-mdm    Doc 47    Filed 02/18/14    Page 10 of 12

recover damages is another matter left to be determined at trial.

*Defendant's Motion, in the Alternative, for Summary Judgment*.

To prevail on a motion for summary judgment the moving party must show there is no genuine issue of material fact and he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine if there is a genuine issue of material fact, all facts are construed in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). Additionally, all reasonable inferences are drawn in favor of that party. *Id*. However, the non-movant must set forth "specific facts showing that there is a genuine issue for trial" which requires more than "just speculation or conclusory statements." *Id*. at 283 (citations omitted).

E-Finance argues the Court should grant summary judgment in its favor because there are no genuine issues of material facts and the record makes it clear that E-Finance did not withdraw funds from the debtor's account. As discussed in the previous section, the withdrawal may have come at E-Finance's direction, as it admits it is responsible for "administrative support services," and the allegations in the complaint are sufficient to support a damage award against it, if proved.

The debtor opposes E-Finance's alternative motion for summary judgment as untimely since she has been stayed from obtaining discovery from the defendants while the motions to dismiss are pending. E-Finance argues it can move for summary judgment at any time, and discovery should have been conducted before the stay was imposed, notably at its request, because it intended to move to dismiss on jurisdictional and pleading grounds. That argument will not prevail. However, timely or not, this is clearly a case where facts are disputed, and there are matters to be addressed at trial. The motion of E-Finance for summary judgment is denied.

These motions now having been addressed, the stay on discovery between the parties is

lifted. A separate order consistent with this decision will be entered and further proceedings will be scheduled.

February 18, 2014

                                            Margaret Dee McGarity
                                            United States Bankruptcy Judge